IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00751-CMA-KLM

JON A. GOODWIN,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN HATCH,
SEAMUS JOHN PAUL HATCH,
MICHAEL DOUGLAS BOCK,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP,
ROBERT V. GUNDERSON, JR.,
SCOTT CHARLES DETTMER,
THOMAS F. VILLENEUVE,
DANIEL JURG NIEHANS,
DANIEL E. O'CONNOR,
KENNETH ROBERT McVAY,
IVAN ALEXANDER GAVIRIA,
DANIEL E. O'CONNOR,
KENNETH ROBERT McVAY,
JOHNSON & JOHNSON LLP,
NEVILLE LAWRENCE JOHNSON
DOUGLAS LOWELL JOHNSON,
JONATHAN MARTIN TURCO,
LAN PHONG VU,
DIANA BIAFORA SPARAGNA,
TINA LOUISE SCATUORCHIO-GOODWIN,
BARRY STEVEN LEVIN,
MATHEW LLOYD LARRABEE,
ROBERT A. ESPEN,
DAVID MARK JARGIELLO,
RAMSEY & EHRLICH LLP,
MILES FREDRICK EHRLICH,
ISMAIL JOMO RAMSEY
FOLGER LEVIN KAHN, LLP,
MICHAEL ALEXNDER KAHN,
JOHN DANIEL SHARP,
DENELLE MARIE DIXON-THAYER,
LEWIS ROCA ROTHGERBER CHRISTIE, LLP,

FREDRICK JAMES BAUMANN,
ALEX C. MYERS,
HELLER EHRMAN (CALIFORNIA),
VLG INVESTMENTS LLC,
VLG INVESTMENTS 2006 LLC,
VLG INVESTMENTS 2007 LLC,
VLG INVESTMENTS 2008, LLC,
HEWM INVESTORS, LLC,
HEWM INVESTORS II, LLC,
HEWM/VLG INVESTMENTS, LLC,
DOES 1 – 100,

    Defendants.

**ORDER ADOPTING THE DECEMBER 11, 2017 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court upon the December 11, 2017, Recommendation by United States Magistrate Judge Kristen L. Mix that various claims be dismissed. (Doc. # 93.) Plaintiff timely objected to the portions of the Recommendation that recommended dismissal of certain claims. (Doc. # 94.) For the reasons described herein, Plaintiff's Objection is overruled. The Court affirms and adopts the Recommendation.

## I.   BACKGROUND

This suit is the second lawsuit Plaintiff has filed in the Court as to the disbanding of his "merchant banking firm," Barra Partners LLP ("Barra Partners"), in 2003.

**A.   THE 2013 CASE**

In late 2013, Plaintiff filed a lawsuit in this Court, *Goodwin v. Bruggeman-Hatch*, 13-cv-02973-REB-MEH (the "2013 Case"), alleging 22 claims against 65 named

defendants and 1,000 named defendants. (2013 Case, Doc. # 1.) The 2013 Case arose out of Plaintiff's belief that the defendants conspired to steal money and business opportunities from him and Barra Partners and to breakup Barra Partners. (*Id*.) Eventually, all claims in the 2013 Case were dismissed. (2013 Case, Doc. # 388). The Tenth Circuit subsequently dismissed Plaintiff's appeal for failure to prosecute. (2013 Case, Doc. # 404.)

**B.     PROCEDURAL HISTORY**

Plaintiff filed the instant action on March 31, 2016, approximately 16 months after the Tenth Circuit denied Plaintiff's appeal of the 2013 Case. *See* (Doc. # 1.) In his 404-page Second Amended Complaint, Plaintiff alleges a criminal enterprise and conspiracy against him and asserts claims for, among other things, racketeering, breaches of fiduciary duties, breaches of contract, and fraud. (Doc. # 83.) Thirty Defendants in this action were also defendants in the 2013 Case, *see* (2013 Case, Doc. # 1); this action also has eleven new named Defendants and one hundred Doe Defendants as compared to the 2013 Case, *see* (Doc. # 83). As Magistrate Judge Mix detailed, Plaintiff's claims implicate three prior state court judgments involving the parties:

> The first state court judgment is a 2007 order from the California Superior Court in San Francisco County (the "San Francisco court") granting an injunction against Plaintiff prohibiting him from publishing defamatory statements online. The second state court judgment is a 2011 order from the California Superior Court in Los Angeles County (the "Los Angeles court") granting an injunction against Plaintiff relating to defamatory statements and barring him from re-publishing any of them on the internet or on any other medium. The third state court judgment is an order from the Denver District court, later affirmed by the Colorado Court of Appeals, which domesticated the permanent injunction from the Los Angeles court.

(Doc. # 93 at 3) (internal citations omitted.)

3

Several Defendants ("Moving Defendants") filed a Motion for Order to Show Cause on September 19, 2016.[1] (Doc. # 84.) Describing Plaintiff's claims as "chiefly the same" as those in the 2013 Case, Moving Defendants argued that Plaintiff's claims are barred by claim preclusion, issue preclusion, and the *Rooker-Feldman* doctrine. (*Id.* at 3–4.) Moving Defendants also asked the Court to impose filing limitations on Plaintiff, asserting that "this action makes clear that [Plaintiff] habitually ignores the preclusive effect of adverse judgments." (*Id.* at 7.) Plaintiff responded in opposition to Moving Defendants' Motion for Order to Show Cause on October 19, 2016. (Doc. # 88.) Plaintiff argued that there are material distinctions between his claims in this action and those he asserted in the 2013 Case. (*Id.* at 15.)

Magistrate Judge Mix issued the Order to Show Cause on November 4, 2016. (Doc. # 90.) Her order required Plaintiff to show cause in writing "(1) why this case is not barred by claim preclusion, issue preclusion, and/or the *Rooker Feldman* doctrine and therefore legally frivolous, and (2) why [the Court] should not enjoin [Plaintiff] from filing any future pro se actions in this Court." (*Id.* at 5–6.) On November 30, 2016, Plaintiff responded to the Order to Show Cause, arguing Moving Defendants' "defenses of claim and issue preclusion and the *Rooker-Feldman* doctrine . . . are without evidence and merit." (Doc. # 92 at 25.)

---

[1] Defendants who jointly filed the Motion for Order to Show Cause (Doc. # 84) are Marcia Hatch, Seamus Hatch, Aran Strategic Finance, Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, Robert Gunderson, Scott Dettmer, Thomas Villeneuve, Daniel O'Connor, Kenneth McVay, Ivan Gaviria, Daniel Niehans, Frederick Baumann, Alex Myers, Lewis Roca Rothgerber Christie LLP, Folger Levin & Kahn LLP, Michael Alexander Kahn, John Daniel Sharp, Denelle Marie Dixon-Thayer, Ramsey & Ehrlich, LLP, Miles Frederick Ehrlich, Ismail Jomo Ramsey, David Jargiello, Matthew Larrabee, Barry Levin, Johnson & Johnson LLP, Neville Johnson, Douglas Johnson, Jonathon Turco, Lan Vu, Michael Bock and Tina Scatuorchio-Goodwin.

## C. THE MAGISTRATE JUDGE'S RECOMMENDATION

Magistrate Judge Mix issued her Recommendation on December 11, 2017. (Doc. # 93.) Magistrate Judge Mix first applied the *Rooker-Feldman* doctrine to Plaintiff's claims and then considered whether claim preclusion and issue preclusion barred any of Plaintiff's claims. (*Id*. at 4–33.) She recommended that certain claims be dismissed with prejudice and others dismissed without prejudice. (*Id*. at 33–34.) Under her Recommendation, fifteen claims against certain Defendants would remain. (*Id*. at 34.) Plaintiff timely objected to the Recommendation on December 26, 2017. (Doc. # 94.) Moving Defendants responded to Plaintiff's Objection on January 9, 2018. (Doc. # 96.)

## II. STANDARDS OF REVIEW

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## B. PRO SE PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III. ANALYSIS

## A. THE *ROOKER-FELDMAN* DOCTRINE

Magistrate Judge Mix recommended that Plaintiff's Claims 24, 25, 21, and 22 be dismissed without prejudice for lack of subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine. (Doc. # 93 at 8, 12.)

First, Magistrate Judge explained that Plaintiff's Claims 24 and 25 allege that various Defendants defrauded the San Francisco and Los Angeles courts in 2007 and

2011. (*Id*. at 6–7.) She then concluded that these claims are "inextricably intertwined" with the San Francisco and Los Angeles courts' judgments and thus barred by the *Rooker-Feldman* doctrine. (*Id*.) Magistrate Judge Mix rejected Plaintiff's attempt to carve out an "extrinsic fraud" exception to the *Rooker-Feldman* doctrine, citing two unpublished Tenth Circuit cases.[2] (*Id*. at 7–8.)

Second, Magistrate Judge Mix analyzed whether Plaintiff's Claims 21 and 22 fell into the two categories of constitutional claims not barred by the *Rooker-Feldman* doctrine. (*Id*. at 9, 11–12.) After detailing the claims, Magistrate Judge Mix determined that neither Claim 21 nor Claim 22 fell into the relevant categories of constitutional claims "because Plaintiff is not challenging a state law, or state procedures for enforcement of a judgment; rather, he is challenging the effects of the state-court judgments and the litigation process itself." (*Id*. at 11.) Magistrate Judge Mix concluded Plaintiff's Claims 21 and 22 are barred by the *Rooker-Feldman* doctrine. (*Id*. at 12.)

Plaintiff objects to Magistrate Judge Mix's rejection of his extrinsic fraud exception because she relied on two unpublished cases, which Plaintiff characterizes as "non-precedential with regard to *Rooker-Feldman*." (Doc. # 94 at 12–13.) The Federal Rules of Appellate Procedure flatly disprove this objection. *See* Fed. R. App. P. 32.1(a)(i) ("A court may not prohibit or restrict the citation of federal judicial opinions . . . that have been . . . designated as 'unpublished'.")

Plaintiff also again attempts to carve out an extrinsic fraud exception to the *Rooker-Feldman* doctrine. (Doc. # 94 at 11–12.) The Court is not persuaded. First, the

---

[2] Magistrate Judge Mix cited *Myers v. Wells Fargo Bank, N.A.*, 685 F. App'x 679, 681 (10th Cir. 2017), and *Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016). (Doc. # 93 at 8.)

7

Court agrees with Magistrate Judge's Mix statement that the Tenth Circuit does not recognize such an exception.  *See* (Doc. # 93 at 8.)  Second, Plaintiff's characterization of his arguments being about "extrinsic fraud," rather than about legal errors or mistakes, is contradicted by his allegations and the relief he seeks.  *See* (Doc. # 83.)  In Claims 21 and 22, Plaintiff alleges that the state courts' actions in 2007 and 2011 deprived him of his First Amendment rights.  (*Id*. at 349–51.)  In Claims 24 and 25, Plaintiff seeks injunctions prohibiting enforcement of the state court judgments.  (*Id*. at 353–56.)  The Court agrees with Moving Defendants, *see* (Doc. # 96 at 12), that Plaintiff's claims are precisely the kind the *Rooker-Feldman* doctrine bars: a "state-court lose[r] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *See Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[3]

For these reasons, the Court overrules Plaintiff's objections to Magistrate Judge Mix's application of the *Rooker-Feldman* doctrine to bar Plaintiff's Claims 24, 25, 21, and 22.  The Court affirms and adopts Magistrate Judge Mix's analysis and conclusion.

**B.    CLAIM PRECLUSION**

Magistrate Judge Mix agreed with Moving Defendants' argument, *see* (Doc. # 84 at 7), that claim preclusion bars all of Plaintiff's claims against eight specific Defendants ("Eight Defendants") because Plaintiff seeks to relitigate issues that were or could have

---

[3] Plaintiff purportedly quotes *Exxon Mobile*, 544 U.S. at 293, in his Objection.  (Doc. # 94 at 11–12.)  The Court observes that Plaintiff's "quote" from the case does not appear anywhere in *Exxon Mobile*.

8

been brought in the 2013 Case.[4] (Doc. # 93 at 28.) She accurately summarized the law on claim preclusion and then applied each of the three elements and the one exception to Plaintiff's claims against Eight Defendants. (*Id*. at 12, 13–28.) First, she found that there was final adjudication on the merits in the 2013 Case regarding Eight Defendants because "[a]ll of Plaintiff's claims . . . against the eight Defendants were dismissed with prejudice in the 2013 Case." (*Id.* at 13–14.) Second, Magistrate Judge Mix found that there was identity of parties, as all Eight Defendants were parties to the 2013 Case. (*Id*. at 14.) Third, she found that there was identity of the causes of action between this case and the 2013 Case. (*Id*. at 15–26.) Magistrate Judge Mix applied the Tenth Circuit's transactional approach to each of Plaintiff's claims against Eight Defendants to reach that finding. (*Id*. at 15–26.) Finally, Magistrate Judge Mix considered the exception to the application of claim preclusion—the absence of a full and fair opportunity to litigate[5]—and found that Plaintiff was not deprived of such an opportunity. (*Id*. at 26–28.) Accordingly, Magistrate Judge Mix recommended that Plaintiff's claims against Eight Defendants be dismissed with prejudice. (*Id*. at 28.)

Plaintiff objects to Magistrate Judge Mix's claim preclusion analysis for several reasons. (Doc. # 94 at 3–10.) Plaintiff first argues that claim preclusion does not bar his claims because there is no identity of causes of action, as he makes allegations about "new economic injuries to his business and property since the entry of the 2013

---

[4] The Eight Defendants are Marcia Hatch, Seamus Hatch, Michael Bock, Aran Strategic Finance, Tina Louise Scatuorchio-Goodwin, Jonathon Turco, Diana Sparagna, and Gunderson Dettmer Stough Villeneuve Franklin & Hachigian. (Doc. # 84 at 8.)

[5] "[T]he absence of a full and fair opportunity to litigate should be treated as an exception to the application of claim preclusion when the three referenced requirements are otherwise present." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999).

9

Case final order."⁶ (*Id*. at 3–4.)  These alleged injuries are not independent from the claims at issue in the 2013 Case, however.  *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) ("Under the transactional test, a new action will be permitted only where it raises **new and independent** claims, not part of the previous transaction, based on the new facts").  Rather, the alleged injuries are, as Magistrate Judge Mix found, "simply additional instances arising out of the same course of conduct" Plaintiff alleged in the 2013 Case.  *See* (Doc. # 93 at 19.)  Under the transactional approach, claims about "separate instances of the very same course of conduct" are barred by claim preclusion.  *See Hernandez v. Asset Acceptance*, LLC, 970 F. Supp. 2d 1194, 1203 (D. Colo. Sept. 10, 2013.)  Plaintiff's first argument fails.

Second, Plaintiff asserts that Magistrate Judge Mix misapplied the transactional test in her analysis of the third element, the identity of causes of action.  (Doc. # 94 at 5–8.)  Plaintiff argues that *Hatch* and *Hernandez*, to which Magistrate Judge Mix cited, *see* (Doc. # 93 at 14–18), are inapplicable because the cases "[did] not include or consider allegations of fraudulent concealment of injuries or ongoing unlawful conduct by defendants."  (Doc. # 94 at 6.)  He asserts that *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971), and *McCarty v. First of Georgia Insurance Co.*, 713 F.2d 609 (10th Cir. 1983), are the proper authorities because *Zenith* and *McCarty* "address defendants' fraudulent concealment and on-going unlawful activities."  (Doc. # 94 at 7.)  However, these cases do not support Plaintiff's assertion.  *Zenith*, 401 U.S. at 338, nowhere includes the language Plaintiff purportedly quotes ("a cause of action

---

⁶ Plaintiff identifies these injuries in his Complaint.  *See* (Doc. # 83 at 226–31.)

accrues each time plaintiff is injured," see (Doc. # 94 at 6)); it states instead that "[g]enerally, a cause of action accrues and the statute begins to run when a defendant commits an act that injuries a plaintiff's business," Zenith, 401 U.S. at 338. McCarty is also inapposite, as it is based on Oklahoma law. 713 F.2d at 612–13. Plaintiff thus fails to cite any cases that support his assertion that the transactional approach does not apply when fraud is alleged. Magistrate Judge Mix properly applied the law of this Circuit in her analysis of identity of cause of action.

Plaintiff next argues that claim preclusion does not bar his claims against Eight Defendants because he was denied a full and fair opportunity to litigate his claims in the 2013 Case. (Doc. # 94 at 8.) According to Plaintiff, he was denied oral arguments on dispositive motions, was unable to conduct discovery, and was not permitted to supplement his complaint. (Id.) The determination of whether a party had a full and fair opportunity to litigate an issue focuses on "whether there were significant procedural limitations, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties," as Magistrate Judge Mix accurately stated. Salguero v. City of Clovis, 366 F.3d 1168, 1174 (10th Cir. 2004); see (Doc. # 93 at 26.) Plaintiff has not identified any procedural limitations in the 2013 Case. As to the Court's denial of Plaintiff's requests for argument on dispositive motions, a court has discretion to decide a motion without oral argument. D.C.COLO.LCiv.R.7.1(h). Parties' "right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Cmty. Hosp., 844 F.2d 764, 766 (10th Cir. 1988). With regard to

discovery, "discovery is not necessary to resolve a motion to dismiss." *Sheldon v. Kahnal*, 502 F. App'x 765, 773 (10th Cir. 2012). Finally, as to supplementing the complaint, "[t]he decision whether to grant a motion to amend is left to the sound discretion of the district court." *Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1460 (D. Colo. 1995), *aff'd*, 107 F.3d 880 (10th Cir. 1997). The Court therefore finds that Plaintiff has not identified any significant procedural limitations. Plaintiff does not raise any arguments as to his incentives to fully litigate the 2013 Case or as to the relationship of the parties in the 2013 Case. Magistrate Judge Mix correctly determined that Plaintiff has not shown that he was denied the opportunity to fully and fairly litigate his claims in the 2013 Case. *See* (Doc. # 93 at 27.)

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Mix's claim preclusion analysis fail to persuade the Court. The Court affirms and adopts Magistrate Judge Mix's conclusion that claim preclusions bars Plaintiff's claims against Eight Defendants.

## C. ISSUE PRECLUSION

Magistrate Judge Mix also agreed with Moving Defendants argument, *see* (Doc. # 84 at 12), that issue preclusion bars all of Plaintiff's claims asserted against 22 Defendants ("Twenty-Two Defendants") who were dismissed without prejudice for lack of personal jurisdiction in the 2013 Case.[7] (Doc. # 93 at 31.) Correctly noting that

---

[7] In the 2013 Case, the following twenty-two Defendants in the case now before the Court were dismissed for lack of personal jurisdiction: David Jargiello, Ramsey & Ehrlich, LLP, Miles Ehrlich, Folger Levin & Kahn LLP, Michael Kahn, John Sharp, Denelle Dixon-Thayer, Robert Gunderson, Scott Dettmer, Daniel O'Connor, Kenneth McVay, Ivan Gaviria, Daniel Niehans, Thomas Villeneuve, Johnson & Johnson, LLP, Neville Johnson, Douglas Johnson, Lan Vu,

12

where a case is dismissed for want of jurisdiction, issue preclusion prevents a party from relitigating issues determined in ruling on the jurisdiction question, *see Park Lake Resources Ltd. Liability v. United States Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004), Magistrate Judge Mix analyzed "whether the personal jurisdiction issue decided by the Court in the 2013 Case is the same one currently before the Court." (Doc. # 93 at 29–30.) After rejecting Plaintiff's three arguments as to why the Court now has jurisdiction over Twenty-Two Defendants, she concluded that the personal jurisdiction question is the same in this case as it was in the 2013 Case. (*Id*. at 30–31.) Magistrate Judge Mix therefore recommended that issue preclusion bars Plaintiff from relitigating his claims against Twenty-Two Defendants. (*Id*. at 31.)

Plaintiff asserts that Magistrate Judge Mix "clearly ignored" his arguments about why the question of jurisdiction differs in this case, but he fails to persuade the Court. *See* (Doc. # 94 at 10–11.) First, he argues that the Court has jurisdiction over Twenty-Two Defendants because these out-of-state defendants "have purposefully directed tortious acts at [him] in [Colorado], thereby creating a substantial connection to this District." (*Id*.) However, when Plaintiff made the same argument in 2013, the Court thoroughly conducted a minimum contacts analysis as to each of the Twenty-Two Defendants and concluded that the Twenty-Two Defendants did not have sufficient contacts with this forum to give rise to personal jurisdiction. (2013 Case, Doc. # 336, 7–12.)

---

Heller Ehrman, A Professional Corporation, Matthew Larrabee, Barry Levin, and Robert Epsen. (2013 Case, Doc. ## 336, 357.)

Plaintiff next argues that the Court now has personal jurisdiction over Twenty-Two Defendants because two Defendants, Marcia Hatch and Seamus Hatch, relocated from California to Michigan, which purportedly changes the nationwide service of process analysis because their move increased the number of federal judicial districts in which parties reside from five to six.  (Doc. # 94 at 11.)  The Court agrees with Moving Defendants, *see* (Doc. # 96 at 11), that this argument grossly misconstrues principles of personal jurisdiction.

Finally, Plaintiff asserts—without any explanation or authority—that Magistrate Judge Mix erred in her issue preclusion analysis because "the ends of justice in this action require nationwide service of process because of [its] geographic dispersion" and this Court "can also apply the conspiracy theory of jurisdiction to assert jurisdiction." (Doc. # 94 at 11.)  Plaintiff raised these arguments in 2013, and the Court appropriately concluded that "the RICO statute does not authorized nationwide jurisdiction in this case."  (2013 Case, Doc. # 336 at 16–18.)  This analysis has not changed in the years since the 2013 Case.

The Court accordingly overrules Plaintiff's objections to and affirms and adopts Magistrate Judge Mix's conclusion that issue preclusion bars Plaintiff from relitigating claims against Twenty-Two Defendants.

**D.   2013 DENIAL OF LEAVE TO AMEND**

Magistrate Judge Mix also concluded that Plaintiff is barred from relitigating claims against Ismail Ramsey, Lewis Roca Rothberger Christie LLP, Federick Baumann, and Alex Meyers.  (Doc. # 93 at 31.)  In the 2013 case, Plaintiff moved to

supplement his complaint to join these four defendants.  (2013 Case, Doc. # 381.)  The Court in 2013 denied this motion as being "entirely futile," among other reasons.  (2013 Case, Doc. # 384 at 9.)  Magistrate Judge Mix reasoned that because joinder was denied as futile in the 2013 Case and because Plaintiff's current claims against these Defendants arose from the same transaction or occurrence as the 2013 claims, Plaintiff is barred from asserting claims against these four Defendants now.  (Doc. # 93 at 31) (citing *Parkins v. Patterson*, 215 F.3d 1337 (10th Cir. 2000) (Table)).

Plaintiff restates his argument that the Court did not have personal jurisdiction over any defendant or proposed defendant in the 2013 Case and therefore acted "*ultra vires*" in denying his motion to supplement his complaint.  (Doc. # 94 at 13.)  Plaintiff does not assert **why** the Court lacked personal jurisdiction over defendants in the 2013 case.  The Court has no reason to accept Plaintiff's nonsensical argument.  The Court therefore affirms and adopts Magistrate Judge Mix's recommendation as to these four Defendants.

E.   **PLAINTIFF'S DUE PROCESS RIGHTS**

Plaintiff's final objection to the Recommendation is that it is "so one-sided in favor of Defendants, it raises the appearance of judicial bias" and, if adopted, will deprive Plaintiff of his Due Process rights.  (*Id.* at 14.)  Plaintiff does not offer any evidence of such bias, nor does the Court, after an exhaustive *de novo* review of the Recommendation, see any such bias.  The Court therefore overrules this objection.

15

## F. CLAIM 26 REMAINS

In Claim 26, Plaintiff seeks an accounting to facilitate the calculation of damages, should he prevail on any of his claims. (Doc. # 83 at 356.) Magistrate Judge Mix concluded that this claim remains because "Moving Defendants do not specifically challenge this claim as barred by any of the doctrines discussed" and it did not appear to her that the claim would be barred. (Doc. # 93 at 33.)

No objections to this portion of the Recommendation have been filed. "[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

After reviewing the Recommendation of Magistrate Judge Mix, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law as to Plaintiff's Twenty-Sixth Claim. *See* Fed. R. Civ. P. 72(a).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge Mix's Report and Recommendation (Doc. # 93) is AFFIRMED and ADOPTED as an Order of this Court. Accordingly, it is

FURTHER ORDERED that Claims 12, 13, 15, 16, 18, 19, and 20 of Plaintiff's Second Amended Complaint (Doc. # 83) are DISMISSED WITH PREJUDICE. It is

16

FURTHER ORDERED that Claims 1–10, 11, 14, 17, and 23 of Plaintiff's Second Amended Complaint (Doc. # 83) are DISMISSED WITH PREJUDICE as to Defendants Marcia Hatch, Seamus Hatch, Michael Bock, Aran Strategic Finance, Tina Louise Scatuorchio-Goodwin, Jonathon Turco, Diana Sparagna, Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, David Jargiello, Ramsey & Ehrlich, LLP, Miles Ehrlich, Folger Levin & Kahn LLP, Michael Kahn, John Sharp, Denelle Dixon-Thayer, Robert Gunderson, Scott Dettmer, Daniel O'Connor, Kenneth McVay, Ivan Gaviria, Daniel Niehans, Thomas Villeneuve, Johnson & Johnson, LLP, Neville Johnson, Douglas Johnson, Lan Vu, Heller Ehrman, A Professional Corporation, Matthew Larrabee, Barry Levin, Robert Epsen, Ismail Ramsey, Lewis Roca Rothberger Christie LLP, Federick Baumann, and Alex Meyers.  It is

FURTHER ORDERED that Claims 21, 22, 24, and 25 of Plaintiff's Second Amended Complaint (Doc. # 83) are DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that the following claims in Plaintiff's Second Amended Complaint (Doc. # 83) remain:

1. Claims 1, 3, 6, 7, and 8 against the Doe Defendants;
2. Claims 2, 4, 5, 9, 10, 11, 14, 17, and 23 against the Doe Defendants, VLG Investments LLC, VLG Investments 2006 LLC, VLG Investments 2007 LLC, VLG Investments 2008 LLC, HEWM Investors LLC, HEWM Investors II LLC, and HEWM/VLG Investments LLC;
3. Claim 26 against Defendants.

DATED: January 12, 2018

BY THE COURT:

*Christine M Arguello*

───────────────────────────────
CHRISTINE M. ARGUELLO
United States District Judge