IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00751-CMA-KLM

JON A. GOODWIN,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN HATCH,
SEAMUS JOHN PAUL HATCH,
MICHAEL DOUGLAS BOCK,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP,
ROBERT V. GUNDERSON, JR.,
SCOTT CHARLES DETTMER,
THOMAS F. VILLENEUVE,
DANIEL JURG NIEHANS,
DANIEL E. O'CONNOR,
KENNETH ROBERT McVAY,
IVAN ALEXANDER GAVIRIA,
JOHNSON & JOHNSON LLP,
NEVILLE LAWRENCE JOHNSON,
DOUGLAS LOWELL JOHNSON,
JONATHAN MARTIN TURCO,
LAN PHONG VU,
DIANA BIAFORA SPARAGNA,
TINA LOUISE SCATUORCHIO-GOODWIN,
BARRY STEVEN LEVIN,
MATHEW LLOYD LARRABEE,
ROBERT A. EPSEN,
DAVID MARK JARGIELLO,
RAMSEY & EHRLICH LLP,
MILES FREDRICK EHRLICH,
ISMAIL JOMO RAMSEY
FOLGER LEVIN KAHN, LLP,
MICHAEL ALEXANDER KAHN,
JOHN DANIEL SHARP,
DENELLE MARIE DIXON-THAYER,
LEWIS ROCA ROTHGERBER CHRISTIE, LLP,
FREDRICK JAMES BAUMANN,
ALEX C. MYERS,
HELLER EHRMAN (CALIFORNIA), A PROFESSIONAL CORPORATION,
VLG INVESTMENTS LLC,
VLG INVESTMENTS 2006 LLC,

VLG INVESTMENTS 2007 LLC,
VLG INVESTMENTS 2008, LLC,
HEWM INVESTORS, LLC,
HEWM INVESTORS II, LLC,
HEWM/VLG INVESTMENTS, LLC,
ARAN STRATEGIC FINANCE, LLC, AND
DOES 1 – 100,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Motion to Set Aside Default (FRCP 55(c)) or Quash Service; Motion to Dismiss Under Rules 12(b)(2) and 12(b)(5); Memorandum in Support** [#115][1] (the "Motion") filed by Defendants VLG Investments LLC, VLG Investments 2006 LLC, VLG Investments 2007 LLC, VLG Investments 2008 LLC, HEWM Investors LLC, and HEWM Investors II LLC (collectively, "Defendants"). Plaintiff filed a Response [#119] and Defendants filed a Reply [#120]. The Court has reviewed the briefing on the Motion [#115], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, Defendants' request to set aside the Clerk's entry of default is **GRANTED**, and the Court respectfully **RECOMMENDS** that the Motion [#115] be **GRANTED** with respect to Defendants' motion to dismiss for lack of personal jurisdiction.

**I. Background**

---

[1] "[#115]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

Plaintiff proceeds as a pro se litigant.[2] As noted in the November 4, 2016 Order to Show Cause [#90], this is the second lawsuit that Plaintiff has filed in this Court relating to the break up of his business, Barra Partners LLP ("Barra Partners") in 2003. In short, Plaintiff contends that Defendants conspired to break up Barra Partners, as well as to steal money and business opportunities from him and Barra Partners. The previous lawsuit that Plaintiff filed in 2013, *Goodwin v. Bruggeman-Hatch*, 13-cv-02973-REB-MEH (the "2013 Case"), contained twenty-two claims against sixty-five named defendants and one thousand Doe defendants. Eventually, all of the claims in the 2013 Case were dismissed against all defendants. *See 2013 Case Final Judgment* [#388]. Plaintiff appealed to the Tenth Circuit Court of Appeals, which dismissed the case for failure to prosecute on May 21, 2015. *2013 Case USCA Order* [#404]. Thirty of the defendants named in the 2013 Case are also named in the current lawsuit. *See 2013 Case Compl.* [#1]. This lawsuit also adds eleven new Defendants and one hundred Doe Defendants. *See Second Am. Compl.* [#83] at 1. Like the 2013 Case, Plaintiff's pleadings in this lawsuit allege a criminal enterprise and conspiracy against Plaintiff that gives rise to claims of racketeering, breaches of fiduciary duties, breaches of contract, and fraud, among other claims. *See Second Am. Compl.* [#83].

At the request of various Defendants, the Court ordered Plaintiff to show cause as

---

[2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

to: (1) why his claims are not barred by claim preclusion, issue preclusion, and/or the *Rooker-Feldman* doctrine, and (2) why the United States District Court for the District of Colorado should not enjoin him from filing any future pro se actions in this Court in the event that this case is deemed to be legally frivolous. *Order to Show Cause* [#90] at 5-6. Plaintiff filed a Response [#92]. The Court thereafter issued a Recommendation to dismiss various claims, which was adopted by the District Judge. *See Recommendation* [#93]; *Order* [#97]. The Court also issued another Order to Show Cause [#95], noting that several Defendants had not been served, and directing Plaintiff to file proofs of timely service. Plaintiff responded by filing several executed Summonses, *see* [#98-#103], along with a Response [#112] seeking permission to serve the last remaining unserved Defendant, HEWM/VLG Investments LLC.[3] The Defendants who were served then filed the Motion [#115].

### III. Analysis

**A.      Motion to Set Aside Default**

On February 5, 2018, the day after Plaintiff filed the executed Summonses [#98-#103], Plaintiff filed Motions for Entry of Default as to those Defendants [#104-109]. The Clerk of the Court entered default on the same date. *See Clerk's Entry of Default* [#110]. Defendants ask the Court to set aside the entry of default. *Motion* [#115] at 4.

Fed. Rule Civ. P. 55(c) permits a court to aside an entry of default "for good cause." The good cause requirement is a "lesser standard for the defaulting party than the excusable negligence which must be shown for relief from judgment under Fed. R. Civ. P.

---

[3] Counsel has entered an appearance on behalf of Defendant HEWM/VLG Investments LLC. *See* [#111].

60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). In determining whether a defendant has met the good cause standard, the Court may consider, among other things, whether the default was the result of culpable conduct of the defendant, whether the plaintiff would be prejudiced if the default should be set aside, and whether the defendant presents a meritorious defense. *Pinson*, 316 F. App'x at 750; *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

As stated in the Order to Show Cause [#95], the pleading that named these Defendants for the first time was filed on July 14, 2016. *See First Am. Compl.* [#41]. Thus, the service deadline was October 12, 2016. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . ."); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (stating that the period for service "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"). The executed Summonses indicate that the Defendants were served on November 2, 2016, which was untimely. *See* [#98-#103]. Therefore, the Court finds that there is good cause to set aside the entry of default, as Defendants did not cause the untimely service. *See Pinson*, 316 F. App'x at 750. Furthermore, it would not prejudice Plaintiff to set aside the default, as this case is procedurally in its beginning stages. *See id.*

Accordingly, the Motion [#115] is **granted** with respect to Defendants' request to set aside the entry of default against them. *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (indicating appropriateness of a Magistrate Judge entering an order under

28 U.S.C. § 636(b)(1)(A) on a motion to set aside clerk's entry of default). Thus, the Court turns to the analysis of Defendants' motions to dismiss.

**B.     Motion to Dismiss for Lack of Personal Jurisdiction**

Defendants argue that the Court lacks personal jurisdiction over them pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff contends that Defendants are subject to personal jurisdiction because he alleges that Defendants have "direct[ed] tortious acts at Barra Partners and Plaintiff" that caused Plaintiff injury in Colorado. *Response* [#119] at 12-13. Plaintiff further argues that the Court has jurisdiction pursuant to 18 U.S.C. § 1965(b), because some of his claims arise pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* at 13-15. The Court first addresses personal jurisdiction under Colorado's long-arm statute, Colo. Rev. Stat. § 13–1–124.

    **1.     Personal Jurisdiction Pursuant to Long-Arm Statute**

"The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction . . . . Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (internal quotations and citations omitted). A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984). Before trial, a plaintiff need only make a prima facie showing of jurisdiction. *Id.* "The plaintiff may make this prima facie showing by demonstrating, via affidavits and other written materials, facts that if true would support jurisdiction over the

defendant." *OMI Holdings, Inc. V. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true "to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks and citations omitted).

The exercise of personal jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute as well as constitutional due process requirements. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). "Colorado's long-arm statute is coextensive with constitutional limitations imposed by the due process clause." *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D. Colo. 1993). Therefore, if jurisdiction is consistent with the Fourteenth Amendment due process clause, Colorado's long-arm statute authorizes jurisdiction over a nonresident defendant. Under the due process clause, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contact" with the state, so that the imposition of jurisdiction would not violate "traditional notions or fair play and substantial justice." *Burger King v. Rudzewicz*, 471 U.S. 462, 74 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "The 'minimum contacts' test may be met by establishing either general or specific jurisdiction." *Scott v. Gurusamy*, No. 16-CV-02961-RM-MEH, 2017 WL 590291, at *3 (D. Colo. Feb. 14, 2017).

### a. General Jurisdiction

Under principles of general jurisdiction, a nonresident defendant may be subject to a state's jurisdiction even where the alleged injury is unrelated to the defendant's contacts with the forum state, as long as a defendant's contacts with a state are strong enough. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952). General jurisdiction is appropriate only when a defendant has "continuous and systematic" general business contacts with the forum state. *Helicopteros*, 466 U.S. at 415.

The allegations in the complaint must only be taken as true "to the extent they are uncontroverted by Defendant's affidavits." *See Wenz*, 55 F.3d 1505; *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992) (finding that the defendants' affidavit was sufficient to overcome a legal presumption in plaintiff's favor on a motion to dismiss for lack of personal jurisdiction). Defendants submitted the Declaration of Mark Royer ("Royer"), who states that he is "the Administrator of Defendants VLG Investments LLC, HEWM Investors LLC, HEWM Investors II, LLC, VLG Investments 2006, VLG Investments 2007, and VLG Investments 2008." Royer Decl. [#115-1] ¶ 1.

Plaintiff has not alleged sufficient facts to make a prima facie showing that the Court has general jurisdiction over Defendants. *See Behagen*, 744 F.2d at 733. Plaintiff's allegation in the Second Amended Complaint that, "[w]orking in concert with the resident and non-resident defendants, otherwise subject to the jurisdiction of this court, their agents and co-conspirators, these defendants have knowingly and intentionally aimed unlawful and tortious acts at Plaintiff, in this district, to further their or their clients' extortion of Plaintiff" is conclusory. *See Second Am. Compl.* [#83] at 37 ¶ 100. Additionally, the Court need not accept this allegation as true because Mr. Royer's Declaration contradicts Plaintiff's

allegations, and Plaintiff has not provided a conflicting affidavit or other evidence showing Defendants' business contacts with Colorado. *See Royer Decl.* [#115-1]; *Wenz*, 55 F.3d 1505. Mr. Royer explains that Defendants are incorporated either in Delaware or California, and all have their principal place of business in California. *See Royer Decl.* [#115-1] ¶¶ 2, 3. Additionally, he states that these Defendants do not have a registered agent for service in Colorado, do not own, lease, possess, or maintain property or places of business in Colorado, have not owed or paid income taxes in Colorado, have not maintained any financial accounts in Colorado, have not directed their business activities to anyone in Colorado, have not otherwise done business in Colorado, and "have not had any interactions with Plaintiff or his alleged related company, Barra Partners, in this District, in Colorado, or anywhere else." *See Royer Decl.* [#115-1] ¶¶ 5-16.

Plaintiff has not submitted a conflicting affidavit. Rather, Plaintiff attacks Mr. Royer's Declaration by arguing that it is "a red herring,"[4] that Mr. Royer does not state whether he would have been privy to the pertinent information regarding Defendants' business, and that none of the "lawyer beneficiaries of Defendants" provided affidavits.[5] *Response* [#119] at 12. However, it is Plaintiff who bears the burden of proof regarding personal jurisdiction. *See Behagen*, 744 F.2d at 733. The Court finds that Plaintiff's conclusory allegations are unsupported by sufficient evidence of Defendants' "continuous and systematic" business

---

[4] Plaintiff's bare assertion that Mr. Royer's LinkedIn profile represents that "he discontinued his association with Defendants in 2008" is unsupported, as the attachment that Plaintiff submitted states that the owner of the profile is "Mark R.," and merely indicates that "Mark R." left his position as "Chief Financial Officer" of VLG Investments in 2008. *Response* [#119] at 12.

[5] Plaintiff also appears to argue that these "lawyer beneficiaries" used Defendants as their "alter egos" to conduct the "tortious acts." *Response* [#119] at 12. However, these allegations were not included in the Second Amended Complaint [#83] and, more importantly, are unsupported by evidence.

contacts in Colorado; therefore, Plaintiff has not made a prima facie showing of general jurisdiction over the Defendant.  *See Helicopteros*, 466 U.S. at 415.

### b. Specific Jurisdiction

When pervasive contacts supporting general jurisdiction are lacking, specific jurisdiction may nevertheless be asserted if a defendant has "purposefully directed" his activities toward the forum state, and if the lawsuit is based on injuries that "arise out of" or "relate to" the defendant's contacts with the state.  *Burger King*, 471 U.S. at 472.  "Because a state's sovereignty is territorial in nature, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just."  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  To implement this principle, courts typically make three inquires: (1) whether the defendant purposefully directed his activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice.  *Id.*

As discussed above, Plaintiff's allegation that "defendants have knowingly and intentionally aimed unlawful and tortious acts at Plaintiff, in this district" is conclusory and therefore insufficient to support any of the elements relating to Defendants' contacts with the forum state.  *See Burger King*, 471 U.S. at 472.  Therefore, the Court finds that Plaintiff has not sufficiently demonstrated specific personal jurisdiction over Defendants pursuant to Colorado's long-arm statute.  *See id.*

### 2. Jurisdiction Pursuant to 18 U.S.C. § 1965(b)

Plaintiff next asserts that the Court can exercise personal jurisdiction over

Defendants because some of his claims arise under RICO. Plaintiff argues that the "ends of justice" justify exercise of the Court's jurisdiction because "there is no single judicial district that can exercise personal jurisdiction over all defendants," as Defendants reside in six judicial districts. *Response* [#119] at 14. Plaintiff further argues that Defendants have "threatened to cause Plaintiff physical harm and to 'kill' him," such that "it would make litigation [ ] gravely difficult and expensive, due to extra security costs" if Plaintiff were required to bring this case in a California court. *Id.* at 14-15.

The Tenth Circuit Court of Appeals articulates the following jurisdictional requirement: "When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice." *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231 (10th Cir. 2006). Here, the RICO claims that have not been dismissed in their entirety solely remain against these Defendants. *See Order* [#97]. Thus, personal jurisdiction has not been established over at least one Defendant on any RICO claim and Plaintiff has failed to show that Defendants are subject to this Court's personal jurisdiction on these grounds. *See Cory*, 468 F.3d at 1231.

Accordingly, the Court respectfully **recommends** that Defendants be **dismissed without prejudice** for lack of personal jurisdiction. *See, e.g.*, *Warad West, LLC v. Sorin CRM USA, Inc.*, No. 14-cv-03242-WJM-KLM, 2016 WL 1089825, at *14 (D. Colo. Mar. 21, 2016) (stating that dismissal on the basis of lack of personal jurisdiction is without prejudice).[6]

---

[6] Based on this recommendation, the Court does not address Defendants' contention that the claims against them should be dismissed pursuant to Rule 12(b)(5) for untimely service.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#115] is **GRANTED** with respect to Defendants' request to set aside the entry of default. The Clerk's Entry of Default [#110] is **VACATED** pursuant to Fed. R. Civ. P. 55(c).

IT IS FURTHER **RECOMMENDED** that the Motion [#115] be **GRANTED** with respect to Defendants' Motion to Dismiss for lack of personal jurisdiction.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated: May 14, 2018

Kristen L. Mix
United States Magistrate Judge