**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-00751-CMA-KLM

JON A. GOODWIN,

     Plaintiff,

v.

MARCIA ANN BRUGGEMAN HATCH,
SEAMUS JOHN PAUL HATCH,
MICHAEL DOUGLAS BOCK,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP,
ROBERT V. GUNDERSON, JR.,
SCOTT CHARLES DETTMER,
THOMAS F. VILLENEUVE,
DANIEL JURG NIEHANS,
DANIEL E. O'CONNOR,
KENNETH ROBERT McVAY,
IVAN ALEXANDER GAVIRIA,
DANIEL E. O'CONNOR,
JOHNSON & JOHNSON LLP,
NEVILLE LAWRENCE JOHNSON
DOUGLAS LOWELL JOHNSON,
JONATHAN MARTIN TURCO,
LAN PHONG VU,
DIANA BIAFORA SPARAGNA,
TINA LOUISE SCATUORCHIO-GOODWIN,
BARRY STEVEN LEVIN,
MATHEW LLOYD LARRABEE,
ROBERT A. ESPEN,
DAVID MARK JARGIELLO,
RAMSEY & EHRLICH LLP,
MILES FREDRICK EHRLICH,
ISMAIL JOMO RAMSEY,
FOLGER LEVIN KAHN, LLP,
MICHAEL ALEXNDER KAHN,
JOHN DANIEL SHARP,
DENELLE MARIE DIXON-THAYER,
LEWIS ROCA ROTHGERBER CHRISTIE, LLP,
FREDRICK JAMES BAUMANN,

ALEX C. MYERS,
HELLER EHRMAN (CALIFORNIA),
VLG INVESTMENTS LLC,
VLG INVESTMENTS 2006 LLC,
VLG INVESTMENTS 2007 LLC,
VLG INVESTMENTS 2008, LLC,
HEWM INVESTORS, LLC,
HEWM INVESTORS II, LLC,
HEWM/VLG INVESTMENTS, LLC,
DOES 1 – 100,

     Defendants.

---

## ORDER AFFIRMING AND ADOPTING THE MAY 14, 2018, ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court upon the May 14, 2018, Order and

Recommendation by United States Magistrate Judge Kristen L. Mix (Doc. # 122), in

which she addressed Defendants VLG Investments LLC, VLG Investment 2006 LLC,

VLG Investments 2007 LLC, VLG Investments 2008 LLC, HEWM Investors, LLC,

HEWM Investors II, LLC, and HEWM/VLG Investments, LLC's[1] (collectively, the

"Moving Defendants") Motion to Set Aside Default Under Federal Rule of Civil

Procedure 55(c) and to Dismiss Under Rules 12(b)(2) and 12(b)(5) (for purposes of this

Order only, the "Motion") (Doc. # 115).  Magistrate Judge Mix granted Moving

Defendants' request to set aside the Clerk's entry of default against them (Doc. # 110)

and recommended that this Court grant Moving Defendants' Motion to Dismiss for lack

---

[1] It is unclear whether Defendant HEWM/VLG Investments, LLC joined these other moving
Defendants in this Motion to Set Aside Default and to Dismiss.  *See* (Doc. # 115.)  The Court
assumes here that Defendant HEWM/VLG Investments, LLC did jointly file the Motion, as
counsel's signature and the caption indicate that counsel represents HEWM/VLG Investments,
LLC, along with the other moving Defendants.  (*Id.* at 16.)  However, HEWM/VLG Investments,
LLC was not listed as a moving party on the first page of the Motion.  (*Id.* at 1.)

of personal jurisdiction.  (Doc. # 122 at 2.)  Plaintiff Jon Goodwin timely objected to Magistrate Judge Mix's Order and Recommendation.  (Doc. # 124.)  Moving Defendants subsequently replied in support of the Order and Recommendation.  (Doc. # 125.)

For the reasons described herein, Plaintiff's Objection is overruled.  The Court affirms and adopts the Magistrate Judge's Order and Recommendation.

## I.    BACKGROUND

The Court extensively explained the factual and procedural background of this case in its previous Order.  (Doc. # 97.)  Magistrate Judge Mix's Order and Recommendation also detailed this background.  (Doc. # 122.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  The Court therefore recounts only the facts necessary to address Moving Defendants' Motion.

Plaintiff first named Moving Defendants in this action on July 14, 2016.  (Doc. # 41.)  Pursuant to Rule 4(m), Plaintiff was therefore required to serve Moving Defendants by October 12, 2016.  *See* Fed. R. Civ. P. 4(m).  Plaintiff filed a Second Amended Complaint, now the operative Complaint, on August 19, 2016.  (Doc. # 83.)  Plaintiff served Moving Defendants on November 2, 2016, but did not file proofs of service on or around that date.

On November 4, 2016, Magistrate Judge Mix issued an Order to Show Cause, directing Plaintiff to show cause why his claims were not barred by claim preclusion, issue preclusion, and/or the *Rooker-Feldman* doctrine.  (Doc. # 90 at 5–6.)  The Magistrate Judge simultaneously stayed the case in its entirety, pending a ruling on her

Order to Show Cause. (*Id.* at 6.) Some thirteen months later, on December 11, 2017, Magistrate Judge Mix discharged the Order to Show Cause and recommended that the Court dismiss the gross majority of Plaintiff's claims. (Doc. # 93 at 33–35.)

This Court adopted the Magistrate Judge's Recommendation and lifted the stay on January 12, 2018, despite Plaintiff's Objection (Doc. # 94) to it. (Doc. # 97.) Pursuant to the Court's Order, only the following claims remain:

1. Claims 1, 3, 6, 7, and 8 against the Doe Defendants;
2. Claims 2, 4, 5, 9, 10, 11, 14, 17, and 23 against the Doe Defendants, VLG Investments LLC, VLG Investments 2006 LLC, VLG Investments 2007 LLC, VLG Investments 2008 LLC, HEWM Investors LLC, HEWM Investors II LLC, and HEWM/VLG Investments LLC;
3. Claim 26 against [all] Defendants.

(*Id.* at 17.)

Three days before this Court dismissed most claims and lifted the stay however, on January 9, 2018, Magistrate Judge Mix issued a second Order to Show Cause. (Doc. # 95.) She explained that it "ha[d] come to the Court's attention that [Moving Defendants] ha[d] not been served . . . in this action, and therefore, are not proper parties to this litigation." (*Id.* at 1.) She noted that the service deadline as to Moving Defendants was October 12, 2016, pursuant to Rule 4(m). (*Id.*) The Magistrate Judge ordered Plaintiff to "show cause why th[e] Court should not recommend that the case against [Moving] Defendants . . . be dismissed pursuant to [Rule] 4(m)" and to "file proofs of service, or respond in writing . . . , on or before February 6, 2018." (*Id.* at 3.)

In response to this second Order to Show Cause, Plaintiff filed on February 4, 2018, six proofs of service on Moving Defendants, all of which reflect service on Moving

Defendants on November 2, 2016—approximately three weeks **after** the October 12, 2016, deadline pursuant to Rule 4(m).  (Doc. ## 98–103.)

The next day, February 5, 2018, Plaintiff filed Motions for Entry of Default as to Moving Defendants.  (Doc. ## 104–09.)  Plaintiff asserted in each motion that he had served Moving Defendants on November 2, 2016, and that Moving Defendants had failed to answer the Complaint by November 23, 2016.  *E.g.*, (Doc. # 104-1.)  Plaintiff did not disclose that Moving Defendants were first named in the lawsuit on July 14, 2016, or that Rule 4(m) had required him to serve Moving Defendants by October 12, 2016.  *See* (*id.*)  The Clerk of the Court granted Plaintiff's Motion for Entry of Default and entered default against Moving Defendants on the same day, February 5, 2018.  (Doc. # 110.)

On February 6, 2018, Counsel David L. Stanton entered a limited appearance on behalf of Moving Defendants for purposes of moving to set aside the entry of default judgment against them and to dismiss the Complaint against Moving Defendants for lack of jurisdiction.  (Doc. # 111.)  Also on February 6, 2018, Plaintiff responded to the Magistrate Judge's second Order to Show Cause concerning Rule 4(m), arguing that he had not been able to identify an agent for service of process for Moving Defendants.  (Doc. # 112.)

Ten days later, on February 16, 2018, Moving Defendants filed the Motion at issue in this Order, their Motion to Set Aside Default Under Federal Rule of Civil Procedure 55(c) and to Dismiss Under Rules 12(b)(2) and 12(b)(5).  (Doc. # 115.)  Moving Defendants first asserted that because "Plaintiff's service of [Moving]

5

Defendants was indisputably beyond the [October 12, 2016] deadline allowed under Rule 4(m)," the Clerk's entry of default judgment against Moving Defendants (Doc. # 110) was in error and must be set aside. (Doc. # 115 at 15.) Second, Moving Defendants argued that the claims against them must be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2). (*Id.*)

Plaintiff timely filed his Response in opposition to Moving Defendants' Motion on March 2, 2018. (Doc. # 119.) Moving Defendants replied on March 16, 2018. (Doc. # 120.)

The Magistrate Judge issued her Order and Recommendation on the Motion on May 14, 2018, ordering that the Clerk's entry of default against Moving Defendants be vacated, and recommending that the Court dismiss claims against Moving Defendants for lack of personal jurisdiction. (Doc. # 122 at 12.)

Plaintiff timely objected to the Magistrate Judge's Order and Recommendation on May 29, 2018 (Doc. # 124), and Moving Defendants replied in support of it on June 12, 2018 (Doc. # 125).

## II.     STANDARDS OF REVIEW

### A.     REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th

Cir.1996).  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## B.    *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*.  The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  Nor does *pro se* status entitle a litigant to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III.    DISCUSSION

## A.    MAGISTRATE JUDGE MIX'S ORDER TO SET ASIDE ENTRY OF DEFAULT JUDGMENT

Moving Defendants first argued in their Motion that the entry of default against them "should be set aside for good cause because they were premised on indisputably

late service by Plaintiff." (Doc. # 115 at 4.) Magistrate Judge Mix agreed and ordered that the Clerk's entry of default be vacated. (Doc. # 122 at 4–6, 12.)

    1.    Magistrate Judge Mix Had Authority to Set Aside the Entry of Default

Plaintiff first objects that Magistrate Judge Mix did not have the authority to grant Moving Defendants' Motion as to the entry of default against Moving Defendants and that by doing so, the Magistrate Judge "subjugate[ed] . . . the authority of this Court's Article III judge." (Doc. # 124 at 10.) Plaintiff rejects the Magistrate Judge's interpretation of *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003), which the Magistrate Judge cited and summarized as "indicating appropriateness of a Magistrate Judge entering an order under 28 U.S.C. § 636(b)(1)(A) on a motion to set aside clerk's entry of default" (Doc. # 122 at 5–6). (Doc. # 124 at 10.) Plaintiff argues that *Ashby* "did not conclude that a magistrate judge has the authority to vacate or deny vacation of default"; rather, *Ashby* indicated "that a magistrate judge can affirm the action of a court clerk . . . denying a motion for default when a motion to dismiss by a defendant is pending before a court." (*Id.*) Plaintiff also argues that Moving Defendants' request to set aside the entry of default "is dispositive and, pursuant to [28 U.S.C. § 636(b)]," only a district court judge has authority to adjudicate dispositive motions. (*Id.*)

This Court finds that the Magistrate Judge acted within her authority in setting aside the entry of default against Moving Defendants; Plaintiff's Objection fails. The Federal Magistrates Act, 28 U.S.C. § 636, enables a judge to:

> designate a magistrate judge **to hear and determine any pretrial matter** pending before the court, **except** a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in

a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A) (emphasis added). These eight exceptions are dispositive because they each would, if granted, dispose of a claim(s). *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988). The Tenth Circuit also categorizes "motions not designated on their face as one of those exception in subsection (A)" as dispositive "when they have an identical effect," i.e., they would, if granted, result in the termination of a claim. *See id*. at 1462. Where a court refers a dispositive motion to a magistrate judge, the magistrate judge "may only make proposed findings of fact and recommendations." *Id*. In contrast, a magistrate judge may issue orders as to non-dispositive pre-trial matters. *Id*. at 1461–62.

A motion to set aside a clerk's entry of default is **not** a dispositive motion. *See Finely v. CSA-Credit Solutions of America, Inc.*, No. CIV-08-250, 2008 WL 5280551, *1 (E.D. Okla. Dec. 18, 2008) (characterizing a defendant's motion to set aside the clerk's entry of default as a non-dispositive motion). As a district court explained *in Allstate Fire and Casualty Insurance Company v. Novosad*:

> **A motion to set aside a Clerk's entry of default** (as opposed to grant or set aside a default judgment) **is considered a non-dispositive motion that a Magistrate Judge can decide directly** under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See J & J Sports Prods., Inc. v. Martinez*, 2013 WL 2147790, at *1, n.2 (M.D.N.C. 2013) ("The entry of default (and thus the decision to set aside or to leave in effect such an entry) constitutes a pretrial matter that does not dispose of any claim or defense; as a result, courts have treated motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)," citing *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002)); *Pinkston v. Atlanta Reg'l Comm'n*, 2007 WL 4224814, at *2 (N.D. Ga. 2007)

> (Magistrate Judge's "decision to set aside the clerk's entry of default was not dispositive or potentially dispositive, because no judgment had been entered"); *Minnesota Life Ins. Co. v. Caradine*, 2014 WL 2938342, at *2, n.5 (N.D. Iowa 2014) ("A magistrate judge is authorized to determine all non-dispositive pretrial motions, including a motion to set aside an entry of default.").

No. 16-12481, 2016 WL 5430191, *1 n.2 (E.D. Mich. Sept. 29, 2016) (emphasis added).

Accordingly, Plaintiff's objection that Magistrate Judge Mix improperly decided a dispositive motion is without merit.

Plaintiff's interpretation of *Ashby* is similarly without merit. In *Ashby*, the plaintiff asked the clerk of the court to enter default against the defendant while a motion to dismiss the defendant was still pending. 331 F.3d at 1151. The clerk denied the request in a docket note, and the plaintiff then filed a motion to vacate the clerk's note. *Id*. The magistrate judge denied the plaintiff's motion to vacate the clerk's denial in a minute order. *Id*. The plaintiff then filed an objection to the magistrate judge's order, which the district court ultimately did not explicitly address before it dismissed the entire action. *Id*. at 1152. The Tenth Circuit affirmed this procedural history, and, relevant here, it expressed no concerns about the magistrate judge issuing an order on a party's motion to vacate the clerk's handling of a motion to enter default. *See id*. at 1151–52. Moving Defendants are correct that *Ashby* therefore "stands for the proposition that a magistrate judge need not just make a recommendation to an Article III judge, but may rule **directly**, on motions addressing [a] clerk's actions on the entry or refusal to enter default." (Doc. # 125 at 3.) *Ashby* further confirms that Magistrate Judge Mix was within her authority when she ordered the clerk's entry of default as to Moving Defendants to be vacated.

2.     Magistrate Judge Mix's Order to Vacate the Entry of Default Against
       Moving Defendants Was Not an Abuse of Discretion

Second, Plaintiff objects that Magistrate Judge Mix erred by vacating the entry of

default because: (1) "[Moving] Defendants have clearly not been prejudiced by Plaintiff's

delay in serving them" and were culpable for the delay in service; and (2) Plaintiff is

prejudiced by the vacating of the entry of default.  (Doc. # 124 at 9.)

"Default judgments are not favored by courts."  *Katzson Bros., Inc. v. E.P.A.*, 839

F.2d 1396, 1399 (10th Cir. 1988).  Rule 55(c) proves that a court "may set aside any

entry of default for good cause."  It is "well established" that the good cause required by

Rule 55(c) for setting aside entry of default "poses a lesser standard for the defaulting

party than the excusable neglect which must be shown for relief from judgment under

[Rule] 60(b)."  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767,

775 n.6 (10th Cir. 1997).

Disposition of a motion to set aside an entry of default pursuant to Rule 55(c) is

largely within the discretion of the trial court.  *Gomes v. William*, 420 F.2d 1364, 1367

(10th Cir. 1970).  The Tenth Circuit has explained:

> The principal factors in determining whether a defendant has met the good
> cause standard are (1) whether the default was the result of culpable
> conduct of the defendant, (2) whether the plaintiff would be prejudiced if
> the default should be set aside, and (3) whether the defendant presented
> a meritorious defense. These factors are not "talismanic" and the court
> may consider other factors. However, the court need not consider all the
> factors. If the default was the result of the defendant's culpable conduct,
> the district court may refuse to set aside the default on that basis alone.

*Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (citing *In re Dierschke*, 975 F.2d

181, 183 (5th Cir. 1992)).  Generally, a defendant's conduct is considered culpable "if

he has defaulted willfully or has no excuse for the default." *Id.* (citing *United States v. Timbers Pres., Routt Cty.*, 999 F.2d 452, 454 (10th Cir. 1993); 6 James W. Moore, et al., Moore's Federal Practice, § 55.10 [1] at p. 55–74, n.24 (2d ed. 1994)).

At the outset, the Court rejects Moving Defendants' implicit argument that because Plaintiff did not timely serve Moving Defendants, they were excused from timely serving their Answer or another responsive pleading. *See* (Doc. # 115 at 5–6.) Rule 12(a)(1)(A) requires a defendant to serve an answer "within 21 days after being served with the summons and complaint." Plaintiff's executed summons indicate Plaintiff served Moving Defendants in November 2, 2016. (Doc. ## 98–103.) Two days later, the case was stayed until January 12, 2018. See (Doc. ## 90, 97.) By the Court's calculation, Moving Defendants therefore had until January 31, 2018 to timely answer the Complaint. However, Moving Defendants took no action until February 6, 2018, when their counsel entered his special limited appearance. (Doc. # 111.) They did not move to set aside the Clerk's entry of default until February 16, 2018. (Doc. # 115.) They still not have filed an answer. Moving Defendants may not use Plaintiff's untimely service as an excuse for failing to comply with Rule 12(a)(1)(A).[2]

The Court nonetheless concludes that the Magistrate Judge did not abuse her discretion and affirms her conclusion that there was good cause to set the Clerk's entry of default against Moving Defendants aside. *See* (Doc. # 122 at 5.) With respect to the

---

[2] Rule 4(m) provides that where the plaintiff does not timely serve the defendant, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." To the extent that Moving Defendants sought to quash service of the Complaint, the Court observes that Moving Defendants did not move to do so until February 16, 2018, more than one month after the Court lifted the stay of this case. *See* (Doc. # 115 at 10.)

first factor, Magistrate Judge Mix determined that Moving Defendants were not culpable for the default Plaintiff alleges—not answering the Complaint on November 23, 2016 (Doc. # 104-1 at 2)—because Plaintiff failed to timely serve Moving Defendants by October 12, 2016.[3]  (Doc. # 122 at 5.)  Though this Court disagrees with the implicit premise of her analysis, that Plaintiff's untimely service excuses Moving Defendants' failure to timely serve their Answer, the Magistrate Judge's determination was not an abuse of discretion, given the confusion that apparently resulting from Plaintiff's filing of his Amended Complaint and the lengthy stay.[4]

The second factor, whether the plaintiff would be prejudiced if the default is set aside, also suggests good cause for vacating the entry of default.  Plaintiff argues for the first time that he will be prejudiced by setting aside the entry because, during the lengthy stay, "the statutes of limitations on Plaintiff's claims against [Moving Defendants]

---

[3]  Moving Defendants were first named in this action on July 14, 2016.  (Doc. # 41.)  Rule 4(m) therefore required that Plaintiff serve Moving Defendants by October 12, 2016.  Plaintiff's executed summons indicate that he did not serve Moving Defendants until November 2, 2016.  (Doc. ## 98–103.)  Thus, Plaintiff failed to timely serve Moving Defendants.

That Plaintiff later filed an amended Complaint on August 19, 2016, (Doc. # 83), did not restart Rule 4(m)'s ninety-day period for service.  *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (stating that the period for service "provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint").

[4]  Plaintiff argues that his "delay in service of process was due to the nature of [Moving Defendants] as alter egos of attorneys with indeterminable administrators [and] without physical offices."  (Doc. # 124 at 10.)  The Court does not credit his post-hoc argument that he had difficulty determining who to serve, as Plaintiff was able to serve Moving Defendants by November 2, 2016, and did not indicate any difficulty doing so at the time.  *See* (Doc. ## 98–103.)  Plaintiff further asserts that by virtue of the stay from November 4, 2016, to January 12, 2018, *see* (Doc. ## 90, 97), Moving Defendants "were afforded an extra [434] days to identify counsel and respond[,] which they intentionally failed to do."  (Doc. # 124 at 11.)  This assertion misunderstands the nature of a stay of proceedings.  Because a stay is the suspension of all or part of a judicial proceeding, *Stay*, Black's Law Dictionary (10th ed. 2014), Moving Defendants were not required to respond to the Complaint or otherwise file motions during the stay.  Plaintiff's Objection therefore fails to demonstrate that the Magistrate Judge abused her discretion in determining that the first factor weighs in favor of Moving Defendants.

continued to run and can now be construed by a [c]ourt to have [been] exhausted."
(Doc. # 124 at 12.)  Plaintiff again misunderstands basic procedure.  Setting aside the
entry of default will not result in dismissal of any of his claims against Moving
Defendants.  And to the extent that Plaintiff wishes to raise additional claims against
Moving Defendants, such claims are now time-barred—a consequence of Plaintiff's own
making, as Moving Defendants argue.  *See* (Doc. # 125 at 4.)  The Court therefore
adopts Magistrate Judge Mix's conclusion that it would not prejudice Plaintiff to vacate
the entry of default.  *See* (Doc. # 122 at 5.)

Finally, good cause for setting aside the entry of default is also supported by the
third factor, whether the defendants presented a meritorious defense.  For the reasons
Moving Defendants articulated in the Motion, the Court agrees that they present
meritorious defenses of ineffective service and lack of personal jurisdiction.  *See* (Doc.
# 115 at 9.)  Plaintiff does not contest this factor in his Objection.  *See generally* (Doc.
# 124.)

The Court therefore concludes that there is good cause to set aside the entry of
default against Moving Defendants.  The Magistrate Judge had the authority to do so,
and did not abuse her authority in so doing.  *See* (Doc. # 122 at 5.)

**B.    MAGISTRATE JUDGE MIX'S RECOMMENDATION TO DISMISS CLAIMS FOR
        LACK OF PERSONAL JURISDICTION**

Plaintiff alleges in his Complaint that Moving Defendants, all non-residents, have
"work[ed] in concern with the resident and non-resident defendants" to "knowingly and
intentionally aim[] unlawful and tortious acts at Plaintiff, in this district, to further their or
their clients' extortion of Plaintiff."  (Doc. # 83 at 23.)  He asserts that on his claims for

14

violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and claims under Colorado state law, the Court has personal jurisdiction over Moving Defendants "pursuant to 18 U.S.C. § 1865(a) and (b) and [Colo. Rev. Stat.] § 13-1-124." (*Id.*)  The former is RICO's venue and process provision, and the latter is Colorado's long-arm statute.

Moving Defendants argued in their Motion that the Court does not have personal jurisdiction over them and that Plaintiff's claims against them must be dismissed pursuant to Rule 12(b)(2).  (Doc. # 115 at 10–15.)  Magistrate Judge Mix agreed that the Court lacks personal jurisdiction under Colorado's long-arm statute and RICO.  (Doc. # 122 at 11.)  She therefore recommended that Defendants be dismissed without prejudice for lack of personal jurisdiction.  (*Id.*)

1.    Standard of Review: Rule 12(b)(2) Motion to Dismiss

A plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant.  *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (citation omitted).  In responding to a Rule 12(b)(2) motion filed prior to an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  The prima facie showing may be made by submitting affidavits or other written materials with facts that would support jurisdiction over the defendant.  *Id.*  A defendant may counter that showing by demonstrating "that the presence of some other considerations would render jurisdiction unreasonable."  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Allegations made in a complaint must be taken as true so long as they remain undisputed by the defendant's affidavits. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Conflicting facts in the parties' affidavits "must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz,* 55 F.3d at 1505 (internal quotation marks and citation omitted). Additionally, the plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.,* 887 F.2d 1371, 1376 (10th Cir. 1989).

2.     Jurisdiction Under Colorado's Long-Arm Statute

Plaintiff asserts that the Court has personal jurisdiction over non-resident Moving Defendants as to his state law claims pursuant to Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124. (Doc. # 83 at 23.)

To exercise jurisdiction over a non-resident defendant, a court must ensure that jurisdiction complies with Colorado's long-arm statute and constitutional due process. *Grynberg v. Ivanhoe Energy, Inc.*, No. 08–cv–02528, 666 F.Supp.2d 1218, 2009 WL 3217394, *6 (D. Colo. September 30, 2009). In Colorado, this two-pronged inquiry collapses into one, because "'Colorado's long-arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long-arm statute authorizes jurisdiction over a nonresident defendant.'" *Id.* (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004)).

To ensure that the Court's jurisdiction comports with due process, the court first examines "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being [brought] into court there." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007) (quoting *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007)). The minimum contacts test may be met by establishing either general jurisdiction or specific jurisdiction. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996); *Scott v. Gurusamy*, No. 16-cv-02961, 2017 WL 590291, *3 (D. Colo. Feb. 14, 2017). Once it has been determined that a non-resident defendant purposefully established minimum contacts with the forum state, the court must determine whether the assertion of personal jurisdiction comports with the traditional notions of "fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 320 (1945)).

a. <u>General Jurisdiction</u>

A court may assert general jurisdiction over a non-resident defendant "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317); *see Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 446 (1952). General jurisdiction does not require that the claims be related to the defendant's continuous and systematic contacts with the forum state. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (citing *Helicopteros*

*Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  In assessing whether

a party's contacts with a state are continuous and substantial, courts have considered

factors including:

> (1) whether the corporation solicits business in the state through a local
> office or agents; (2) whether the corporation sends agents into the state
> on a regular basis to solicit business; (3) the extent to which the
> corporation holds itself out as doing business in the forum state, through
> advertisements, listings or bank accounts; and (4) the volume of business
> conducted in the state by the corporation.

*Trierweiler*, 90 F.3d at 1533 (citing 4 Charles Alan Wright, et al., Federal Practice &

Procedure § 1067, at 298 (2d ed. 1987)).

Magistrate Judge Mix correctly concluded that Plaintiff's allegations are

insufficient to make a prima facie showing that the Court has general jurisdiction over

Moving Defendants.  *See* (Doc. # 122 at 8.)  Plaintiff's assertion, that Moving

Defendants "work[ed] in concert with the resident and non-resident defendants" to

"knowingly and intentionally aim[] unlawful and tortious acts at Plaintiff, in this district, to

further their or their clients' extortion of Plaintiff," (Doc. # 83 at 23), is conclusory and

insufficient to establish the necessary contacts.  The Court need not accept this

allegation as true because Moving Defendants contradicted Plaintiff's allegation by

submitting the Declaration of Mark Royer, "the Administrator" of Moving Defendants.

(Doc. # 115-1.)  *See OMI Holdings, Inc.*, 149 F.3d at 1091.  Mr. Royer averred that

Moving Defendants have not maintained a registered agent for service in Colorado;

owned or otherwise possessed real or personal property in Colorado; owed or paid

income taxes to the State of Colorado; maintained a telephone or business listing in

Colorado; had any employees, agents, or business contacts in Colorado; had any

assets, clients, or direct investments in Colorado; directed their business activities at anyone or any property in Colorado; and done any business in Colorado. (Doc. # 115 at 2–3.) These averments mirror the factors this Court considers in determining the extent of a party's contacts. *SeeTrierweiler*, 90 F.3d at 1533. Mr. Royer's Declaration therefore supports that Moving Defendants do not have, and have not had, any affiliations with Colorado, let alone continuous and systematic affiliations. *See id.* (finding that a party was not subject to general jurisdiction in Michigan because it had neither an office nor any agents, and did not hold itself out as doing business in Michigan). Plaintiff has not satisfied his duty "to support jurisdictional allegations in [the Complaint] by competent proof of the supporting facts," *see Pytlik,* 887 F.2d at 1376, or to otherwise dispute Mr. Royer's Declaration. The Court affirms Magistrate Judge Mix's conclusion that Plaintiff has not made a prima facie showing of general jurisdiction over Moving Defendants. *See* (Doc. # 122 at 9–10.)

Plaintiff's Objection is without merit. Plaintiff argues that Mr. Royer's Declaration "is specious and is not dispositive" because Mr. Royer is not an attorney, no longer serves as the administrator for Moving Defendants, and "failed to state he was privileged to information regarding [Plaintiff's company] and its attorney-client relationship with the alter ego lawyer beneficiaries of [Moving Defendants] who were hiding injuries to [Plaintiff's company] using [Moving Defendants]." (Doc. # 124 at 14.) Plaintiff raised this same argument in his Response to Moving Defendants' Motion. *See* (Doc. # 119 at 12). Magistrate Judge Mix correctly rejected it as a bare, unsupported argument. (Doc. # 122 at 9 n.4, n.5.)

b.    *Specific Jurisdiction*

In light of Plaintiff's failure to establish the Court's general jurisdiction over Moving Defendants, the Court next addresses whether Plaintiff establishes its specific jurisdiction over Moving Defendants.

A court may assert specific jurisdiction where: (1) a defendant "has 'purposefully directed' his activities at residents of the forum," and (2) "the litigation results from alleged injuries that 'arise out of or relate to' those activities."  *Burger King Corp.*, 471 U.S. at 472–73 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicopteros*, 466 U.S. at 408).  As to the first element, also known as the purposeful availment requirement, *see, e.g., Trierweiler*, 90 F.3d at 1534, a defendant has "purposefully directed" its activities at Colorado or its residents "when it has (1) taken intentional action, (2) that was expressly aimed at Colorado, (3) with the knowledge that the brunt of the injury from the action would be felt in Colorado."  *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1309–10 (D. Colo. 2012) (citing *Dudnikov*, 514 F.3d at 1071).  A defendant's "random, fortuitous, or attenuated contacts" or the "unilateral activity of another party or a third person" are insufficient to establish that the defendant purposefully availed itself of the forum.  *Burger King Corp.*, 471 U.S. at 475 (internal quotations omitted).  As to the second element, "the actions of the defendant giving rise to the litigation must have created a 'substantial connection' with the forum state."  *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1194 (Colo. 2005).  *See, e.g., OMI Holdings, Inc.*, 149 F.3d at 1095 (finding that the "required nexus" for specific jurisdiction existed where the defendants' contacts with the forum state

"arose when the [defendant] companies issued policies agreeing to defend [the plaintiff] from suit in [the forum state].").

Plaintiff does not object specifically to Magistrate Judge Mix's analysis of specific jurisdiction. He only raises the argument described above in the Court's assessment of general jurisdiction. *See* (Doc. # 124 at 13–15.) As the Court discussed with regard to general jurisdiction, Plaintiff's allegation that Moving Defendants "knowingly and intentionally aim[ed] unlawful and tortious acts at Plaintiff, in this district, to further their or their clients' extortion of Plaintiff," (Doc. # 83 at 23), is conclusory and contradicted by Mr. Royer's Declaration. Furthermore, none of the allegedly unlawful acts of which Plaintiff accuses Moving Defendants were directed to Colorado, its residents, or property and assets in it. *See* (Doc. # 115 at 13.) The Court concludes that Plaintiff has not satisfied the first requirement for specific jurisdiction—that Moving Defendants purposefully availed itself of the privilege of conducting business in Colorado. The Court does not have specific jurisdiction over Moving Defendants.

For these reasons, the Court affirms the Magistrate Judge's conclusion that this Court does not have personal jurisdiction over Moving Defendants under Colorado's long-arm statute and constitutional due process principles. *See* (Doc. # 122 at 12.)

    3.   <u>Jurisdiction Under RICO</u>

Section 1965 of RICO establishes venue and process requirements for claims arising under RICO:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that **the ends of justice require** that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965 (emphasis added).

Plaintiff asserts that for his RICO claim against Moving Defendants, exercise of jurisdiction over Moving Defendants "is proper pursuant to 18 U.S.C. § 1965(a) and (b)." (Doc. # 83 at 23.)  He later argues that the ends of justice justify exercise of the Court's jurisdiction because "there is no single judicial district that can exercise personal jurisdiction over all [D]efendants," who "reside in six judicial districts."  (Doc. # 119 at 14.)

The Tenth Circuit reads 18 U.S.C. § 1965(a)–(b) to provide, "When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice."  *Cory v. Aztec Steel Bldg.*, 468 F.3d 1226, 1231 (10th Cir. 2006).  To determine whether Section 1965 actually confers personal jurisdiction over a defendant or defendants, a court must first determine "whether there [is] **jurisdiction over at least one defendant** so that the other defendants [can] be served nationwide to further the ends of justice."  *See id*.

In the instant matter, this Court dismissed Plaintiff's RICO claims against all other named Defendants.  (Doc. # 97 at 17.)  Therefore, the RICO claims, Claims 1 through 5, *see* (Doc. # 83 at 262–90), remain pending against only Moving Defendants.  *See* (Doc. # 97 at 17.)  The Magistrate Judge correctly explained that accordingly, personal

22

jurisdiction as to the RICO claims has not been established over at least one Defendant. (Doc. # 122 at 11.)  Pursuant to *Cory*, because the Court does not have jurisdiction over any Defendant on Plaintiff's RICO claims, Section 1965 does not bestow the Court with personal jurisdiction over Moving Defendants.  *See* 468 F.3d at 1231.  Plaintiff does not object to this conclusion.  *See generally* (Doc. # 124.)

The Court therefore affirms Magistrate Judge Mix's determination that, as to the RICO claims, the Court does not have personal jurisdiction over Moving Defendants and that, pursuant to Rule 12(b)(2), Plaintiff's claims against them must be dismissed.

## C.   REMAINING CLAIMS

The Court dismisses Plaintiff's claims against Moving Defendants for the reasons explained above.  Accordingly, only the following claims in Plaintiff's Second Amended Complaint remain: (1) Claims 1–11, 14, 17, and 23 against the Doe Defendants; and (2) Claim 26 against all Defendants.  *See generally* (Doc. # 83.)

### 1.   Claims Against Doe Defendants

All claims against Doe Defendants are hereby dismissed *sua sponte* from this action for two reasons.

First, Plaintiff fails to state a claim against Doe Defendants upon which relief may be granted, compelling dismissal pursuant to Rule 12(b)(6).  Although dismissals under Rule 12(b)(6) "typically follow a motion to dismiss . . . , a court may dismiss sua sponte 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allow him an opportunity to amend his complaint would be futile.'"  *Bellmon*, 935 F.2d at 1109–10 (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 385 (10th Cir. 1991)).  The

Court has construed Plaintiff's *pro se* Complaint (Doc. # 82) and other filings liberally, as required by *Trackwell*, 472 F.3d at 1243. However, it is not "the proper function of [the Court] to assume the role of advocate" for Plaintiff. *Bellmon*, 925 F.2s at 1110.

Plaintiff alleges that "each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of such Defendant." (Doc. # 83 at 14.) Plaintiff provides no specifics about the positions of Doe Defendants or the roles they allegedly played. It is patently obvious to this Court that Plaintiff could not prevail on the facts alleged against Doe Defendants. *See Al-Turki v. Tomsic*, No. 15-cv-00524, 2016 WL 1170442, *5 (D. Colo. March 25, 2016) (dismissing sua sponte the plaintiff's claims against Doe defendants where the plaintiff made only generalized allegations). Moreover, allowing Plaintiff an opportunity to amend his Complaint would be futile. Plaintiff asserts in his Complaint that he is "ignorant of the true names or true capacities" of Doe Defendants and "will amend [his] Complaint to allege their true names and capacities when they are ascertained." (Doc. # 83 at 14.) However, this action has been ongoing for three years and follows numerous related lawsuits. There is no evidence to suggest that Plaintiff is currently in a position to ascertain Doe Defendants' identities should his claims against them be permitted to proceed. *See Horton v. Reeves*, No. 09-cv-02220, 2012 WL 1079150, *3 (D. Colo. March 30, 2012) (dismissing the plaintiff's claims against Doe defendants where the action had been ongoing for two and a half-year and the deadline to amend pleadings had passed).

Second, allowing Doe Defendants to continue in this action would offend basic notions of due process. As another district court explained, "In most of the cases in which fictitious defendants have been found permissible, other identified defendants were also parties and could represent the evanescent defendant's interests." *Scheetz v. Morning Call, Inc.*, 747 F. Supp. 1515, 1534–35 (E.D. Penn. 1990) (collecting cases from multiple jurisdictions). Here, all identified Defendants have been dismissed from the claims Plaintiff asserts against Doe Defendants. Doe Defendants are the sole remaining defendants, and they have not received the Complaint, appeared before the Court, or otherwise argued their case through motions. "[T]o allow the claims against [Doe Defendants] to continue . . . is to ask individuals of whom we have no knowledge to defend a claim of which they have no knowledge." *Bey v. City of Phila.*, 6 F. Supp. 2d 422, 424 (E.D. Penn. 1998). This does not comport with the requirements of due process. *Scheetz*, 747 F. Supp. at 1534. Accordingly, The Court therefore dismisses *sua sponte* Plaintiff's claims against Doe Defendants pursuant to Rule 12(b)(6).

2. <u>Claim 26 Against All Defendants</u>

The Court dismisses *sua sponte* Plaintiff's sole remaining claim, Claim 26, which Plaintiff asserts against all Defendants. Plaintiff's Claim 26 is for an accounting. (Doc. # 83 at 342.) He alleges that he "is entitled to recover damages caused by Defendants' wrongful conduct." (*Id.*) An accounting is necessary, in his view, because "[t]he amount and location of the funds and assets from which a recovery could be paid is unknown to [him] and cannot be ascertained without a detailed accounting by Defendants of such property." (*Id.*) In light of the Court's dismissal of all of Plaintiff's claims upon which he

may have been entitled to damages, relief cannot be granted on Plaintiff's claim for accounting. The Court therefore dismisses Claim 26 pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge's Mix Order and Recommendation (Doc. # 122) is AFFIRMED and ADOPTED as an Order of this Court. Accordingly, it is

ORDERED that Moving Defendants' Motion to Set Aside Default Under Federal Rule of Civil Procedure 55(c) and to Dismiss Under Rules 12(b)(2) and 12(b)(5) (Doc. # 115) is GRANTED.

The Clerk's entry of default against Moving Defendants (Doc. # 110) remains VACATED. It is

FURTHER ORDERED that Plaintiff's claims against Moving Defendants and the Doe Defendants are DISMISSED pursuant to Rule 12(b)(6). It is

FURTHER ORDERED that the following claims in Plaintiff's Second Amended Complaint (Doc. # 83) are DISMISSED:

1. Claims 1–11, 14, 17, and 23 against the Doe Defendants; and

2. Claim 26 against all Defendants.

It is FURTHER ORDERED that this action is hereby DISMISSED in its entirety.

DATED: July 18, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge